```
                   UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE
```

Thomas L. Morgenstern

    v.                                             Case No. 19-cv-396-SM
                                                  Opinion No. 2020 DNH 022

June M. White

**ORDER**

This ongoing dispute has a long litigation history in state courts and in the bankruptcy court – a history that does not bear repeating. This particular iteration of the dispute presents a threshold question of federal jurisdiction. Pro se plaintiff, a New Hampshire citizen, invokes the court's diversity jurisdiction (28 U.S.C. § 1332), asserting that pro se defendant is a citizen (i.e., domiciliary) of a state other than New Hampshire, and that the amount in controversy exceeds the minimum threshold. Defendant counters that she was a citizen of New Hampshire when the complaint was filed and so remains. Neither pro se party has provided definitive evidence with respect to defendant's status as a New Hampshire citizen (domiciliary) at the time the complaint was filed (April 16, 2019), and the issue largely turns on who bears the burden of proof. It is the plaintiff's burden, as the party seeking to invoke federal diversity of citizenship jurisdiction, to plead

and prove the jurisdictional fact of defendant's citizenship. McNutt v. General Motors, 298 U.S. 178, 186 (1936).

Plaintiff has been given ample opportunity to do so, as well as an opportunity to respond to defendant's supported assertion (albeit in a marginal way) of her New Hampshire citizenship.  Plaintiff has not requested limited factual discovery related to defendant's citizenship, nor has he moved for an evidentiary hearing, and he has not met his burden to prove complete diversity by a preponderance of the evidence. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 290 (3rd Cir. 2006).  Where jurisdiction is in doubt, as it is here, the party asserting jurisdiction must submit actual evidence of complete diversity; unsworn statements in briefs and pleadings are not enough.  Travaglio v. American Express Co., 735 F.3d 1266, 1220 (11th Cir. 2013).

In this case, plaintiff merely asserts that defendant has resided in New York and Florida in the recent past, including on April 16, 2019, when the complaint was filed.  But temporary or transitional residence outside the state does not by itself establish a change in domicile.

In response, defendant avers in an affidavit that she has been domiciled in New Hampshire since 2003 and maintains that domicile today. She has submitted documents showing that her vehicles were registered in the state at some point in 2019 (probably, though not necessarily, in April); that she was registered to vote here in 2019 and 2020; that she continued to receive mail here in 2019; she maintains personal bank accounts here; she owns a burial plot in Hampton; and that she still considers New Hampshire to be her domicile – i.e. she has not changed her domicile. While she has apparently resided outside the state in the past two years, there is no evidence suggesting that her out of state residency was accompanied at any point by an intent to remain in another state indefinitely. That is to say, there is no evidence that her New Hampshire domicile changed at any point. A person's domicile continues until a new domicile is established and a mere physical absence does not affect domicile while he or she is residing elsewhere.

While defendant might have filed copies of her driver's license, tax forms, actual vehicle registrations, etc., the documents she did file are sufficient to counter any contrary implications arising from plaintiff's mere unsworn allegations of her recent out of state residency. The record is not as developed as it might be on either side, but, on balance, it is

clear that plaintiff has not met his burden to establish complete diversity of citizenship between the parties, and, accordingly, the court is without jurisdiction over this dispute. The complaint must be dismissed for want of federal jurisdiction, albeit without prejudice to plaintiff's refiling in state court.[1]

---

[1] Plaintiff, by way of fair warning, ought to consider the merits of his claim before filing. Having looked into the matter, it appears to the court that plaintiff's basic cognizable claim is one for breach of a contract not to foreclose, based on a document dated March 24, 2014 (document No. 14-3). That document relates to a subsequently nullified warranty deed to the real estate at issue, and, contrary to plaintiff's assertions, the document does not include any promise not to later foreclose in unrelated proceedings. Moreover, the foreclosure sale that actually took place was later authorized by a state court of competent jurisdiction; and no such defense seems to have been raised by the plaintiff in that state litigation, to which he was party, and that was plainly aimed at stopping the foreclosure (or, if he did raise the issue, it was previously resolved on the merits against him and he did not, it seems, appeal that ruling). See generally, Sekulic, TTEE of Carlear Realty Revocable Trust v. White, et al., Case No. 2018-0431, N.H. Supreme Court, Order dated July 26, 2018; Carlear Realty Revocable Trust, Sekulic, TTEE v. White & McGinnis Inc., Docket No. 218-2014-CV-00471, N.H. Superior Court (Rockingham County); White v. Gordon, 558 B.R. 15 (D.N.H. 2016). The claim might well be found to be frivolous given the record in the state court and in the bankruptcy court.

**Conclusion**

The complaint is necessarily dismissed without prejudice for want of federal jurisdiction. The pending motions to dismiss, to the extent they seek dismissal on grounds that diversity jurisdiction has not been shown, are granted (documents no. 14, 19).

**SO ORDERED.**

                                          Steven J. McAuliffe
                                          United States District Judge

February 14, 2020

cc:  Thomas L. Morgenstern, pro se
     June M. White, pro se